UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X
NAMCO LIMITED and NAMCO AMERICA
INC.,

                     Plaintiffs,         04 CV 5164 (DLC)
                                        ECF CASE

     -against-

                                        **COMPLAINT**

WESLEY E. WESTON p/k/a LIL' FLIP,
NICHOLAUS LOFTIN p/k/a NICK FURY,
SONY MUSIC ENTERTAINMENT INC.,         Plaintiffs Demand
SUCKA FREE RECORDS, INC., LUCKY         Trial by Jury
PUBLISHING COMPANY, and NEJE
PUBLISHING

                     Defendants.
- - - - - - - - - - - - - - - - -X

    Plaintiffs, NAMCO LIMITED and NAMCO AMERICA INC., by and
through their attorneys, Keith H. Richman, P.C., as and for
their complaint against Defendants, WESLEY E. WESTON p/k/a
LIL' FLIP, NICHOLAUS LOFTIN p/k/a NICK FURY, SONY MUSIC
ENTERTAINMENT INC., SUCKA FREE RECORDS, INC., LUCKY
PUBLISHING COMPANY, and NEJE PUBLISHING, respectfully allege
as follows:

### NATURE OF THE ACTION

    1.  This is an action for copyright infringement arising
under the Copyright Laws of the United States, Title 17
U.S.C. § 101 *et seq.*; unfair competition and false
designation of origin pursuant to Section 43(a) of the Lanham
Act, 15 U.S.C. § 1125(a); false advertising pursuant to N.Y.
General Business Law § 350 *et seq.*; trademark infringement

and dilution pursuant to N.Y. General Business Law § 368 *et seq.*; and unfair competition under New York common law.

## JURISDICTION

2.   This Court has jurisdiction over the subject matter of this action under Title 28 U.S.C. §§ 1331, 1338, and 1367; under the Lanham Act, 15 U.S.C. § 1121; and under the principles of pendent jurisdiction.

## VENUE

3.   Venue is proper in this District pursuant to Title 28 U.S.C. §§ 1391(b), (c), because a substantial part of the events giving rise to the claims alleged herein occurred in this District, and the Defendants conduct substantial business in this District.

## THE PARTIES

4.   At all the times relevant herein, Plaintiff NAMCO LIMITED was and still is a corporation organized and existing under the laws of Japan, with its principal place of business in Tokyo, Japan.  Plaintiff NAMCO LIMITED is entitled to the full protection of the Laws of the United States for all claims asserted herein.

5.   At all the times relevant herein, Plaintiff NAMCO

AMERICA INC. was and still is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Jose, California.

6.   Plaintiffs, NAMCO LIMITED and NAMCO AMERICA INC., are entertainment companies, in the business of, *inter alia*, creating, manufacturing, marketing, distributing and selling video games, including but not limited to the world famous games entitled Pac-Man and Ms. Pac-Man.

7.   Upon information and belief, and at all the times relevant herein, Defendant WESLEY E. WESTON p/k/a LIL' FLIP was and still is an internationally renowned musical recording artist residing in the State of Texas.

8.   Upon information and belief, and at all the times relevant herein, Defendant NICHOLAUS LOFTIN p/k/a NICK FURY was and still is an individual residing in the State of the State of Georgia.

9.   Upon information and belief, and at all the times relevant herein, Defendant SONY MUSIC ENTERTAINMENT INC. was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

10.   Upon information and belief, and at all the times relevant herein, Defendant SUCKA FREE RECORDS, INC. was and still is a corporation organized and existing under the laws

of the State of Texas, with its principal place of business in Houston, Texas.

11.   Upon information and belief, and at all the times relevant herein, Defendant LUCKY PUBLISHING COMPANY was and still is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas.

12.   Upon information and belief, and at all the times relevant herein, Defendant NEJE PUBLISHING is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Fairburn, Georgia.

13.   Upon information and belief, Defendant SONY MUSIC ENTERTAINMENT INC. is an entertainment company in the business of, *inter alia*, recording, manufacturing, producing, selling, distributing, and marketing musical recordings.

14.   Upon information and belief, Defendant SUCKA FREE RECORDS, INC. is a record company in the business of, *inter alia*, recording, manufacturing, producing, selling, distributing, and marketing musical recordings.

15.   Upon information and belief, Defendant WESLEY E. WESTON p/k/a LIL' FLIP created, wrote, co-wrote, produced and/or performed the musical recording entitled "Game Over", which appears on the album entitled "U Gotta Feel Me".

16.  Upon information and belief, Defendant NICHOLAUS LOFTIN p/k/a NICK FURY created, wrote, co-wrote and/or produced the musical recording "Game Over", which appears on the album "U Gotta Feel Me".

17.  Upon information and belief, Defendant SONY MUSIC ENTERTAINMENT INC. released, manufactured and/or distributed the album "U Gotta Feel Me" by Defendant WESLEY E. WESTON p/k/a LIL' FLIP.

18.  Upon information and belief, Defendant SUCKA FREE RECORDS, INC. released, manufactured and/or distributed the album "U Gotta Feel Me" by Defendant WESLEY E. WESTON p/k/a LIL' FLIP.

19.  Upon information and belief, Defendant LUCKY PUBLISHING COMPANY is a music publisher that owns and administers Defendant WESLEY E. WESTON p/k/a LIL' FLIP's publishing rights to "Game Over".

20.  Upon information and belief, Defendant NEJE PUBLISHING is a music publisher that owns and administers Defendant NICHOLAUS LOFTIN p/k/a NICK FURY's publishing rights to "Game Over".

## BACKGROUND FACTS

### The Pac-Man and Ms. Pac-Man Copyrights

21. In or before May 1980, Plaintiff NAMCO LIMITED created the video game known as Pac-Man.

22. Pac-Man contains wholly original material and is copyrightable subject matter under the laws of the United States.

23. On or about May 22, 1980, Plaintiff NAMCO LIMITED first published Pac-Man in Japan.

24. Pursuant to various laws, treaties and conventions, Pac-Man is entitled to the full protection of the Copyright Laws of the United States.

25. On or about October 10, 1980, Plaintiff NAMCO LIMITED assigned the entire right, title and interest in the copyrights in and to Pac-Man to non-party Midway Mfg. Co. ("Midway"). A true and accurate copy of this Assignment of Copyrights is annexed hereto as Exhibit "A".

26. In or about November 1980, Midway duly applied to the Register of Copyrights for a certificate of registration for Pac-Man.

27. On or about November 13, 1980, the Register of Copyrights issued a Certificate of Copyright Registration to Midway, bearing registration number PA 83-768. This Certificate of Copyright Registration was issued for Pac-Man

6

as an audiovisual work.  A true and accurate copy of this Certificate of Copyright Registration is annexed hereto as Exhibit "B".

28.  The aforementioned October 10, 1980 Assignment of Copyrights from Plaintiff NAMCO LIMITED to Midway was also recorded in the Copyright Office of the United States on or about November 13, 1980 (see Exhibit "A" hereto).

29.  On or about September 7, 1982, the Register of Copyrights issued a Certificate of Supplementary Copyright Registration to Midway for PA 83-768, bearing registration number PA 155-887, which indicates that Midway changed its name from Midway Mfg. Co. to Bally Midway Mfg. Co.  A true and accurate copy of this Certificate of Supplementary Copyright Registration is annexed hereto as Exhibit "C". (Bally Midway Mfg. Co. still referred to herein as "Midway".)

30.  In or about 1981, Plaintiffs and/or Midway created the video game known as Ms. Pac-Man, as a derivative work based on Pac-Man.

31  On or about January 13, 1982, Midway first published Ms. Pac-Man in the United States.

32.  Ms. Pac-Man contains wholly original material and is copyrightable subject matter under the laws of the United States.

33.  In or about June 1982, Midway duly applied to the

7

Register of Copyrights for a certificate of registration for Ms. Pac-Man, a derivative work based on Pac-Man.

34.  On or about June 25, 1982, the Register of Copyrights issued a Certificate of Copyright Registration to Midway, bearing registration number PA 140-275.  This Certificate of Copyright Registration was issued for Ms. Pac-Man as an audiovisual work.  A true and accurate copy of this Certificate of Copyright Registration is annexed hereto as Exhibit "D".

35.  On or about October 30, 1987, Midway, Plaintiff NAMCO LIMITED and Plaintiff NAMCO AMERICA INC. entered into an agreement, which, <u>inter alia</u>, assigned all rights, title and interest in and to all common law and statutory copyrights for Pac-Man (including but not limited to PA 83-768) and Ms. Pac-Man (including PA 140-275) to Plaintiff NAMCO LIMITED.  A true and accurate copy of this agreement is annexed hereto as Exhibit "E".

**The "Game Over" Recordings and Infringement of Pac-Man**

36.  Upon information and belief, on or about March 30, 2004, Defendants SONY MUSIC ENTERTAINMENT INC. and SUCKA FREE RECORDS, INC. released the album entitled "U Gotta Feel Me" by Defendant WESLEY E. WESTON p/k/a LIL' FLIP, which contains the song "Game Over" performed by Defendant WESLEY E. WESTON

8

p/k/a LIL' FLIP.

37.  Upon information and belief, on or about March 30, 2004, Defendants SONY MUSIC ENTERTAINMENT INC. and SUCKA FREE RECORDS, INC. released and distributed "U Gotta Feel Me", containing the song "Game Over", on a worldwide basis.

38.  Upon information and belief, on or after March 30, 2004, Defendants SONY MUSIC ENTERTAINMENT INC. and SUCKA FREE RECORDS, INC. have also released and distributed a song entitled "Game Over (remix)", performed by Defendant WESLEY E. WESTON p/k/a LIL' FLIP, which is a re-mixed version of "Game Over".

39.  Upon information and belief, on or after March 30, 2004, Defendants SONY MUSIC ENTERTAINMENT INC. and SUCKA FREE RECORDS, INC. have also released and distributed a music video for "Game Over", performed by Defendant WESLEY E. WESTON p/k/a LIL' FLIP.

40.  Defendants copied certain portions of the sounds from Pac-Man, and incorporated same into the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over".

41.  Defendants copied certain portions of the sounds from Ms. Pac-Man, and incorporated same into the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over".

9

42.  Defendants copied substantial and significant portions of the sounds of Pac-Man into the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over".

43.  Defendants copied substantial and significant portions of the sounds of Ms. Pac-Man into the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over".

44.  Defendants' copying of the portions of Pac-Man into the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over" amounts to an unlawful appropriation.

45.  Defendants' copying of the portions of Ms. Pac-Man into the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over" amounts to an unlawful appropriation.

46.  Defendants' copying of the portions of Pac-Man into the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over" was willful.

47.  Defendants' copying of the portions of Ms. Pac-Man into the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over" was willful.

48.  Defendants did not have the authorization or permission from Plaintiffs to copy and/or use the portions of

10

Pac-Man that appear in the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over".

49.  Defendants did not have the authorization or permission from Plaintiffs to copy and/or use the portions of Ms. Pac-Man that appear in the song "Game Over", the song "Game Over (remix)", and the music video for "Game Over".

50.  Plaintiffs notified Defendants of their acts of infringement, but Defendants refused to cease their acts of infringement.


### COUNT I
### (Copyright Infringement - Pac-Man - Damages)

51.  Plaintiffs repeat and reallege paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52.  Defendants unlawfully and willfully copied substantial and significant portions of the sounds from Pac-Man and incorporated same into all versions of the song "Game Over" (including but not limited to the song "Game Over (remix)") and the music video for "Game Over".

53.  Defendants' infringing acts include but are not limited to unlawfully creating, recording, manufacturing, producing, selling, marketing and/or distributing all versions of the song "Game Over" (including but not limited to the song "Game Over (remix)") and the music video for "Game Over".

11

54.   The music contained in all versions of the song
"Game Over" (including but not limited to the song "Game Over
(remix)") and the music video for "Game Over" is
substantially similar to the audio portion of Pac-Man, and
Defendants' infringement amounts to an unlawful appropriation
of Pac-Man.

55.   As a result of Defendants' copyright infringements,
Plaintiffs have suffered damages in an amount not yet
determined, but believed to be in excess of $5,000,000.00.


**COUNT II**
**(Copyright Infringement - Pac-Man - Injunctive Relief)**

56.   Plaintiffs repeat and reallege paragraphs "1"
through "55" of this Complaint as if fully set forth herein.

57.   Through their willful and continuing copyright
infringements, Defendants have caused, and will continue to
cause, irreparable harm to Plaintiffs.

58.   In addition to the irreparable harm suffered by the
willful copying and unlawful appropriation of Pac-Man,
Plaintiffs are also being irreparably harmed due to the fact
that Defendants' infringing recordings of "Game Over" contain
explicit content that includes but is not limited to
profanity, racial slurs, and references to guns and drugs.  A
true and accurate copy of the lyrics for "Game Over" is
annexed hereto as Exhibit "F".

12

59.  As a result of Defendants' copyright infringements, Plaintiffs have suffered and, unless Defendants are preliminarily and permanently enjoined from all infringing acts (including but not limited to the recall and removal from stores of all infringing materials), will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of Pac-Man.

60.  Plaintiffs have no adequate remedy at law.

## COUNT III
### (Copyright Infringement - Ms. Pac-Man - Damages)

61.  Plaintiffs repeat and reallege paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.  Defendants unlawfully and willfully copied substantial and significant portions of the sounds from Ms. Pac-Man and incorporated same into all versions of the song "Game Over" (including but not limited to the song "Game Over (remix)") and the music video for "Game Over".

63.  Defendants' infringing acts include but are not limited to unlawfully creating, recording, manufacturing, producing, selling, marketing and/or distributing all versions of the song "Game Over" (including but not limited to the song "Game Over (remix)") and the music video for "Game Over".

64.  The music contained in all versions of the song

13

"Game Over" (including but not limited to the song "Game Over (remix)") and the music video for "Game Over" is substantially similar to the audio portion of Ms. Pac Man, and Defendants' infringement amounts to an unlawful appropriation of Ms. Pac-Man.

65.  As a result of Defendants' copyright infringements, Plaintiffs have suffered damages in an amount not yet determined, but believed to be in excess of $5,000,000.00.

## COUNT IV
### (Copyright Infringement - Ms. Pac-Man - Injunctive Relief)

66.  Plaintiffs repeat and reallege paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67.  Through their willful and continuing copyright infringements, Defendants have caused, and will continue to cause, irreparable harm to Plaintiffs.

68.  In addition to the irreparable harm suffered by the willful copying and unlawful appropriation of Ms. Pac-Man, Plaintiffs are also being irreparably harmed due to the fact that Defendants' infringing recordings of "Game Over" contain explicit content that includes but is not limited to profanity, racial slurs, and references to guns and drugs. (See Exhibit "F" annexed hereto.)

69.  As a result of Defendants' copyright infringements, Plaintiffs have suffered and, unless Defendants are

14

preliminarily and permanently enjoined from all infringing acts (including but not limited to the recall and removal from stores of all infringing materials), will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of Ms. Pac-Man.

70.   Plaintiffs have no adequate remedy at law.

### COUNT V
### (False designation of Origin and Unfair Competition)

71.   Plaintiffs repeat and reallege paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.   Plaintiffs are the owners of all rights, title and interest in and to all of the sounds and audio portions of Pac-Man and Ms. Pac-Man (together, referred to herein as the "Pac-Man Sounds").

73.   The Pac-Man Sounds are famous, well-known and easily recognized by the general public.

74.   The Pac-Man Sounds are strong and distinctive trademarks (unregistered) owned by Plaintiffs, which serve to designate Plaintiffs and Pac-Man/Ms. Pac-Man as the source of high quality games and entertainment.

75.   Plaintiffs have continuously used these trademarks since their creation, and have expended a substantial amount of time and effort promoting, marketing and advertising these trademarks.

15

76.  These trademarks have acquired fame, notoriety and secondary meaning among the video game industry and purchasing public, and have come to represent the goodwill and reputation of Plaintiffs and Pac-Man/Ms. Pac-Man.

77.  Defendants have knowingly and willfully infringed, and continue to infringe, on Plaintiffs' rights in the trademarks by, *inter alia*, unlawfully creating, recording, manufacturing, producing, selling, marketing and/or distributing all versions of the song "Game Over" (including but not limited to the song "Game Over (remix)") and the music video for "Game Over", all without Plaintiffs' authorization or consent.

78.  Defendants have infringed Plaintiffs' trademarks with the intent to deceive and defraud the public into believing that Defendants' music and products are made, approved, sponsored, licensed or affiliated with Plaintiffs, Pac-Man and/or Ms. Pac-Man.

79.  With knowledge of the falsity of the use of these false designations and representations, Defendants have caused such false designations and representations to be used in interstate commerce.

80.  The acts of Defendants complained of herein are likely to, and already have, caused confusion, deception, or mistake as to the affiliation, connection or association of

16

Defendants and Plaintiffs.

81.   Defendants' unauthorized use in commerce of Plaintiffs' trademarks constitutes a false designation of origin, false description and false representation of fact which represents the nature, characteristics and/or qualities of Defendants' products, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125, *et seq.*.

82.   Defendants' unauthorized use of Plaintiffs' trademarks is in bad faith, and constitutes unfair competition.   Defendants were and are well aware of Plaintiffs' rights in the trademarks, and their own lack of rights therein.

83.   By reason of Defendants' infringing acts, Plaintiffs have suffered and, unless Defendants are preliminarily and permanently enjoined, will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of its trademarks, as well as the loss of sales and profits Plaintiffs would have made but for Defendants' acts.

84.   As a result of their infringing activities, Defendants have derived profits from the sales of products containing Plaintiffs' trademarks.   All profits derived from sales of such infringing products belong to Plaintiffs as the owner of the trademarks.

17

85.  Unless preliminarily and permanently enjoined, Defendants will continue their infringing activities, all to Plaintiffs' detriment and irreparable damage.

86.  Plaintiffs have suffered money damages in an amount to be determined as a result of Defendants' past activities, and have no adequate remedy at law for Defendants' continuing activities.

## COUNT VI
### (State Law False Advertising)

87.  Plaintiffs repeat and reallege paragraphs "1" through "86" of this Complaint as if fully set forth herein.

88.  The foregoing conduct by Defendants constitutes false advertising under state law, in violation of N.Y. General Business Law § 350 *et seq.*

89.  By reason of Defendants' acts of false advertising, Plaintiffs has suffered and, unless Defendants are preliminarily and permanently enjoined, will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of its trademarks, as well as the loss of sales and profits Plaintiffs would have made but for Defendants' acts.

90.  As a result of their false advertising, Defendants have derived profits from the sales of products bearing Plaintiffs' trademarks.  All profits derived from sales of

18

such infringing products belong to Plaintiffs as the owner of the trademarks.

91.   Unless preliminarily and permanently enjoined, Defendants will continue their infringing activities, all to Plaintiffs' detriment and irreparable damage.

92.   Plaintiffs have suffered money damages in an amount to be determined as a result of Defendants' past activities, and have no adequate remedy at law for Defendants' continuing activities.

## COUNT VII
### (State Law Trademark Infringement and Dilution)

93.   Plaintiffs repeat and reallege paragraphs "1" through "92" of this Complaint as if fully set forth herein.

94.   The foregoing conduct by Defendants constitutes trademark infringement and dilution under state law, in violation of N.Y. General Business Law § 368 *et seq.*.

95.   By reason of Defendants' infringing acts, Plaintiffs have suffered and, unless Defendants are preliminarily and permanently enjoined, will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of its trademarks, as well as the loss of sales and profits Plaintiffs would have made but for Defendants' acts.

96.   As a result of their infringing activities,

19

Defendants have derived profits from the sales of products bearing Plaintiffs' trademarks.  All profits derived from sales of such infringing products belong to Plaintiffs as the owner of the trademarks.

97.  Unless preliminarily and permanently enjoined, Defendants will continue their infringing activities, all to Plaintiffs' detriment and irreparable damage.

98.  Plaintiffs have suffered money damages in an amount to be determined as a result of Defendants' past activities, and have no adequate remedy at law for Defendants' continuing activities.

<u>**COUNT VIII**</u>
**(Common Law Trademark Infringement and Unfair Competition)**

99.  Plaintiffs repeat and reallege paragraphs "1" through "98" of this Complaint as if fully set forth herein.

100.  The foregoing conduct by Defendants constitutes trademark infringement, false designation of origin and unfair competition in violation of common law.

101.  By reason of Defendants' infringing acts, Plaintiffs have suffered and, unless Defendants are preliminarily and permanently enjoined, will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of its trademarks, as well as the loss of sales and profits  Plaintiffs would have made but

20

for Defendants' acts.

102.  As a result of their infringing activities, Defendants have derived profits from the sales of products bearing Plaintiffs' trademarks.  All profits derived from sales of such infringing products belong to Plaintiffs as the owner of the trademarks.

103.  Unless preliminarily and permanently enjoined, Defendants will continue their infringing activities, all to Plaintiffs' detriment and irreparable damage.

104.  Plaintiffs have suffered money damages in an amount to be determined as a result of Defendants' past activities, and have no adequate remedy at law for Defendants' continuing activities.

WHEREFORE, Plaintiffs pray that this Court enter judgment for Plaintiffs, and against Defendants, as follows:

A.  Declaring that Defendants have infringed the Pac-Man Copyright;

B.  Declaring that Defendants have infringed the Ms. Pac-Man Copyright;

C.  Declaring that Defendants have infringed Plaintiffs' trademarks in the sounds and audio portions of Pac-Man and Ms. Pac-Man;

D.  Ordering that the Defendants be adjudged to have

21

committed copyright infringement, trademark infringement,
false designation of origin, false advertising and unfair
competition under federal, state and common law;

    E.   Declaring that all of Defendants' rights in any
infringing recordings are null and void, and declaring
Plaintiffs to be the owners of all such rights in said
recordings;

    F.   Preliminarily and permanently enjoining and
restraining Defendants, their officers, agents,
representatives, operatives, distributors, employees,
servants, successors, assigns and attorneys and all those in
active concert or participation with them, from infringing
Plaintiffs' Pac-Man and/or Ms. Pac-Man copyrights and/or
trademarks in any manner, including but not limited to,
manufacturing, creating, producing, recording, advertising,
copying, displaying, marketing, performing, reproducing,
importing, selling, offering for sale, and/or distributing
any item(s) which contains unauthorized portions of the Pac-
Man and/or Ms. Pac-Man copyrights and/or trademarks;

    G.   Ordering Defendants to recall, seize and impound any
and all copies of materials which contain unauthorized
portions of Plaintiffs' Pac-Man and/or Ms. Pac-Man copyrights
and/or trademarks, including but not limited to, all records,
audio and video tapes, digital audio tapes, and compact

22

discs.

H.   Ordering Defendants to cancel and declare void any and all contracts, including but not limited to, contracts with artists, producers, distributors, retailers, and wholesalers, that involve materials which contain unauthorized portions of Plaintiffs' Pac-Man and/or Ms. Pac-Man copyrights and/or trademarks;

I.   Ordering Defendants to disseminate corrective advertising to ameliorate the adverse consequences of their infringing and/or unlawful acts; the content, nature, form and extent of which is to be approved by Plaintiffs and this Court;

J.   Ordering an accounting of all gains, profits, savings and advantages realized by Defendants from the aforesaid infringing and/or unlawful acts;

K.   Awarding Plaintiffs money damages in an amount to be determined, but no less than the total amount delineated by the above accounting;

L.   Awarding Plaintiffs statutory damages;

M.   Awarding Plaintiffs treble damages for Defendants' willful and unauthorized use of Plaintiffs' copyrights and/or trademarks;

N.   Awarding Plaintiffs punitive damages for Defendants' willful and unauthorized use of Plaintiffs' copyrights and/or

trademarks;

O.  Ordering Defendants to serve upon Plaintiffs within thirty (30) days after service on Defendants of an injunction, or such extended time as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

P.  Awarding Plaintiffs the costs of this action, including reasonable attorneys' fees and interest; and

Q.  Awarding such other, further and different relief as may seem just, proper and equitable to this Court.


Dated:  June 14, 2004
        Garden City, New York

                          Respectfully submitted,

                              KEITH H. RICHMAN, P.C.


                     By: _____
                         Seth A. Levine (SL 4556)
                         Attorneys for Plaintiffs
                         Office & P.O. Address
                         600 Old Country Road
                         Suite #333
                         Garden City, NY 11530
                         516-228-9444

24